UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **AMANDA PFOUNTZ,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:17-cv-02753 |
| v. | ) | |
| | ) | |
| **NAVIENT SOLUTIONS, LLC.** | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## FIRST AMENDED PETITION

COMES NOW, Plaintiff, Amanda Pfountz, and for her First Amended Petition states as follows:

## INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

3. This Court has original jurisdiction of the FDCPA claim under 15 USC § 1692k(d) because that claim arises under federal law.

4. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claim occurred in the Eastern District of Missouri under the direction of the Defendant. Venue is appropriate in this Court under Local Rule 3 - 2.07(b)(2) because Plaintiff was injured in this District, and because the claim for relief arose in

the Eastern Division of the Eastern District of Missouri.

## **PARTIES**

5. Plaintiff is a natural person currently residing in Saint Louis County, Missouri.

6. Defendant Navient Solutions, LLC ("Navient") is a foreign corporation with its principal place of business in Reston, VA.

### *Fair Debt Collection Practices Act*

7. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

8. Specifically, Plaintiff believes the alleged debt arose from a defaulted student loan that was acquired by Defendant Navient after default.

9. The Defendant, Navient Solutions, LLC ("Navient"), d/b/a the Navient Corporation, has been formerly known as: Sallie Mae, Inc., Sallie Mae, and Navient Solutions, Inc.

10. Navient is the largest student loan servicer in the United States. Navient services the loans of more than 12 million borrowers, including over 6 million customer accounts under a contract with the U.S. Department of Education, and more than $300 billion in federal and private student loans.

11. Navient's principal responsibilities as a servicer include managing borrowers' accounts; processing monthly payments; assisting borrowers to learn about, enroll in, and remain in alternative repayment plans; and communicating directly with borrowers about the repayment of their loans.

12. Following a corporate reorganization in 2014, Navient Corporation was the successor to SLM, Inc., d/b/a Sallies Mae, and Navient, LLC. As part of this reorganization,

Navient Corporation assumed certain liabilities related to the servicing and collection activities of SLM, Inc. d/b/a Sallie Mae, Navient, LLC, and their subsidiaries.

13. Defendant Navient services and collects on student loans acquired in its office after the loans were delinquent and defaulted upon with the loan originator or original servicer.

14. SLM, Inc., d/b/a Sallie Mae, was awarded the servicing-contract with the U.S. Department of Education in 2009, and that contract continues to be in force to the present (subject to various modifications that the parties to that contract have executed). All documents related to that contract were signed in the name of SLM, Inc. (or Corporation), or, subsequently, Navient, LLC. Accordingly, as a result of the 2014 corporate reorganization, Navient Corporation (via its holding/parent company, Navient Solutions, LLC), is currently the entity that contracts with the U.S. Department of Education for the servicing of federal student loans, as well as being a main third-party servicer and collector of private student loan debt throughout the United States.

15. In public statements, including annual 10-K filings with the U.S. Securities and Exchange Commission, Navient Corporation (including its predecessor SLM, Inc.) has boasted about its capabilities with respect to student loan servicing and collection, including helping consumers navigate the path to financial success and select the appropriate payment plan for their circumstances. Navient Corporation has also indicated that it is responsible for overseeing the strategic direction and business goals of its subsidiaries. For instance, Navient Corporation's 2015 10-K filing includes the following statements:

- "Navient [Corporation] is the nation's leading loan management, servicing and ***asset recovery company***, committed to helping customers navigate the path to financial success. Servicing more than $300 billion in education loans, Navient [Corporation]

supports the educational and economic achievements of more than 12 million customers."

- "Navient [Corporation] services loans for more than 12 million … customers, including 6.3 million customers whose accounts are serviced under Navient [Corporation]'s contract with ED. We help our customers navigate the path to financial success through proactive outreach and emphasis on identifying the payment plan that best fits their individual budgets and financial goals."

- "The Navient [Corporation] board of directors and its standing committees oversee our strategic direction, including setting our risk management philosophy, tolerance and parameters; and establishing procedures for assessing the risks our businesses face as well as the risk management practices our management team develops and implements."

- "Each business area within our organization is primarily responsible for managing its specific risks following processes and procedures developed in collaboration with our executive management team and internal risk management partners."

16. Navient Solutions, LLC, d/b/a Navient Corporation consented to, has knowledge of, has materially participated in, and has controlled the activities of Navient Solutions, Inc. and all other relevant Navient predecessor or subsidiary business entities material to the facts pleaded in this Complaint.

17. Defendant Navient is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

18. Defendant Navient is engaged in the collection of debts from consumers using the mail and telephone.

19. Defendant Navient regularly attempts to collect debts alleged to be due another.

20. Defendant Navient, at all times material to this Complaint, engaged in debt

collection activities related to outstanding and delinquent student loans on behalf of several owners of federal student loans.

21. By Defendant Navient's own admission, it is engaged in several aspects of student loan management, including both servicing and *asset recovery*.

## FACTS

22. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

23. Defendant's illicit collection activity consisted of several voicemails left on Plaintiff's cell phone, and Plaintiff's mother's phone.

24. On November 11, 2016, Defendant Navient send Plaintiff a letter in regards to her student loan account stating:

 "**Your private student loan(s) is now seriously past due and is in jeopardy of default.** If your student loan(s) defaults:
- You may be required to repay the entire balance of your loan(s) rather than just the monthly payments that you have missed.
- Your defaulted loan(s) may be assigned to Navient's Recovery Department or a collection agency for resolution
- The charge-off of your loan(s) may be reported to all Consumer Credit Reporting Agencies and may appear on your credit report for up to seven years from when the delinquency began.

We'd prefer to work directly with you to resolve your account. However, we intend to declare your loan(s) in default if acceptable payment arrangements are not made before November 29, 2016 by 5 p.m. ET. . . . Sincerely, Navient Collections."

25. Upon information and belief, Plaintiff's alleged student loan was already delinquent and defaulted upon before it was acquired by Defendant Navient for debt collection.

26. Upon information and belief, the alleged student loan originated from Parks College of St. Louis University in 2006, an institution which Plaintiff never attended at any point in time.

27. Upon information and belief, Plaintiff never made payments on this alleged

student loan.

28. Within the last year, after the November 29, 2016 default date specified in Defendant Navient's November 11, 2016 letter, Defendant left numerous messages on Plaintiff's cellular telephone and Plaintiff's mothers telephone requesting Plaintiff's return call.

29. Defendant's voicemails to Plaintiff were debt collection attempts.

### *Violations of the FDCPA*

30. Defendant's voice messages uniformly failed to disclose that it was a debt collector, attempting to collect a debt, in violation of 15 U.S.C. §1692e(11).

31. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

### COUNT I: VIOLATION OF THE FDCPA

32. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

33. In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

    a. Failing to disclose in a debt collection communication that it is a debt collector attempting to collect a debt. 15 U.S.C. §1692e(11).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. Judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Release of the alleged debt;

    D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

E. For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello Law, LLC

/s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO 63301
(636) 869-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 6th day of December 2017, the foregoing was filed electronically and served upon counsel of record via the Court's ECF filing system.

*/s/ Dominic M. Pontello*
Dominic M. Pontello