UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AMANDA PFOUNTZ, | § § § |
| Plaintiff, | § |
| v. | § Case No. 4:17-cv-02753 |
| NAVIENT SOLUTIONS, LLC. | § § |
| Defendant. | § § |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS AMENDED COMPLAINT

Defendant, Navient Solutions, LLC, ("NSL"), submits this memorandum in support of its motion to dismiss the Amended Complaint. NSL seeks dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth below.

### INTRODUCTION

NSL responded to plaintiff Amanda Pfountz's ("Plaintiff") original complaint with a Rule 12(b)(6) motion to dismiss. The motion advanced the argument, pursuant to an abundance of case law, that Plaintiff failed to sufficiently plead a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. In response to the motion to dismiss, Plaintiff filed an amended complaint attempting to address the pleading defects. In turn, the Court denied the pending motion to dismiss without prejudice.

While the Amended Complaint asserts additional factual allegations, it provides no factual support for the claim that NSL is a FDCPA "debt collector" with respect to Plaintiff and the debt which is the subject of ***this*** litigation. It fares no better than the

1

original complaint in meeting the pleading standards imposed by *Iqbal* and *Twombly*. NSL, however, need not pursue a dismissal on this basis. The newly alleged facts in the Amended Complaint establish on the face of the pleading that NSL *is not* a FDCPA "debt collector," as that term is defined in the FDCPA with respect to Plaintiff and the debt at issue. Accordingly, Plaintiff cannot state a FDCPA claim.

## LAW AND ARGUMENT

A. **Rule 12(b)(6) Standard**.

In deciding whether a "plausible" claim is stated per the requirements pronounced in *Twombly* and *Iqbal*, the court must still "accept as true the plaintiff's well pleaded allegations." *Parkhurst v. Tabor,* 569 F.3d 861, 865 (8th Cir. 2009) (citations omitted); *see also Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008) (the court must also still "construe the complaint liberally in the light most favorable to the plaintiff."). However, "[w]here the allegations show on the face of the complaint that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is [still] appropriate." *Benton v. Merrill Lynch & Co., Inc.,* 524 F.3d 866, 870 (8th Cir. 2008) (citations omitted); *Harvey v. CitiMortgage, Inc.*, 2011 WL 1226973, at *2 (E.D. Mo. Mar. 29, 2011) (applying this standard in the FDCPA context).

B. **Plaintiff cannot state a FDCPA claim against NSL**.

As initial matter, Plaintiff devotes a substantial portion of the Amended Complaint alleging that NSL does in fact engage in the collection of student loan debts. *See* Amended Complaint (Doc. # 8). NSL does not dispute this allegation. NSL is a student

loan servicer and the collection of loan payments is an inherent part of the student loan servicing business. However, simply because NSL may "regularly collect[] or attempt[] to collect ... debts owed or due or asserted to be owed or due another" is not dispositive as to whether NSL is a FDCPA "debt collector."

"The FDCPA imposes civil liability only on debt collectors, as they are defined by the statute." *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 950 (8th Cir. 2006) (citing 15 U.S.C. § 1692k). An entity that meets the FDCPA definition of a "debt collector" in one instance may not meet the definition in another. *See Prince v. NCO Fin. Servs., Inc.*, 346 F. Supp. 2d 744, 751 (E.D. Pa. 2004) ("The general definition of "debt collector" under section 1692a(6) refers to the person or entity and the exception in subsection (F) refers to the debt at issue, so an entity may generally be a "debt collector" without being a "debt collector in a specific situation."). The term "debt collector" does not include: "any person collecting or attempting to collect any debt owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." *Victorian v. Wells Fargo Home Mortg.*, 2015 WL 8663993, at *4 (E.D. Mo. Dec. 14, 2015) (citing 15 U.S.C. § 1692a(6)(F)).

The application of the § 1692a(6)(F)(iii) exclusion to NSL with respect to the debt at issue in this lawsuit is demonstrated by the Amended Complaint itself. Plaintiff is correct that NSL services Direct federal loans pursuant to a servicing agreement with the U.S. Department of Education. *See* Amended Complaint (Doc. # 8), ¶¶ 10, 14. However, NSL's servicing relationship with the U.S. Department of Education and the

3

federal loans it services thereunder is *entirely* irrelevant to this case. Plaintiff is suing NSL regarding its servicing and collection activities pertaining to her *private student loans*. Per the allegations in the Amended Complaint:

> On November 11, 2016, Defendant Navient send [sic] Plaintiff a letter in regards to [sic] her student loan account stating:
>
>> **"Your private student loan(s) is now seriously past due and is in jeopardy of default.** If your student loan(s) defaults:
>>
>> - You may be required to repay the entire balance of your loan(s) rather than just the monthly payments that you have missed.
>> - Your defaulted loan(s) may be assigned to Navient's Recovery Department or a collection agency for resolution.
>> - The charge-off of your loan(s) may be reported to all Consumer Credit Reporting Agencies and may appear on your credit report for up to seven years from when the delinquency began.
>>
>> We'd prefer to work directly with you to resolve your account. However, we intend to declare your loan(s) in default if acceptable payment arrangements are not made before November 29, 2016 by 5 p.m. ET. . . . Sincerely, Navient Collections."

*Id*., ¶ 24 (emphasis in original). Not only does this allegation establish that the subject loans are *private* loans, it also establishes that NSL was servicing these loans *prior to default*, *viz.*, "we *intend to* declare your loan(s) in default." (emphasis added). Via her own allegations in the Amended Complaint, Plaintiff has now pled herself out of a FDCPA claim, which never actually existed in the first place.

In the private loan arena, NSL commences servicing its customers' student loans at origination and there is an abundance of case law finding that NSL is not a FDCPA

4

"debt collector" when servicing such loans. The *Dowridge* case is particularly instructive. Plaintiff alleged NSL was a FDCPA debt collector because her loan originated with Chase Bank, and was repurchased and consolidated into a new loan and transferred to NSL for servicing. *Dowridge v. Navient,* 2016 WL 1594427, at *3 (E.D. Mich. Apr. 21, 2016). In considering this issue, the *Dowridge* Court looked to *Levy-Tatum v. Navient & Sallie Mae Bank*, 2016 WL 75231 (E.D. Pa. Jan. 7, 2016), where another district court had previously considered and concluded that NSL was not a FDCPA "debt collector." In *Levy-Tatum*, the court took judicial notice of NSL's role as a student loan servicer and held that NSL did not qualify as a debt collector. *Dowridge*, 2016 WL 1594427, at *3 (citing *Levy-Tatum*, 2016 WL 75231, at *5). The *Dowridge* Court noted that courts in subsequent lawsuits against NSL had reached the same conclusion based on reasoning similar to *Levy-Tatum*. *Id*. (citing *Spyer v. Navient Sols., Inc.*, 2016 WL 1046789, at *3 (D.N.J. Mar. 15, 2016) (finding that the defendant was not a debt collector under the FDCPA because it became the loan servicer—as Sallie Mae, prior to its name change—before the plaintiff's loan was in default); *Haysbert v. Navient Sols., Inc.*, 2016 WL 890297, at *12 (C.D. Cal. Mar. 8, 2016) (finding that NSL did not qualify as a debt collector under the FDCPA)).

Against this precedent, the *Dowridge* Court found that plaintiff's reliance on bare conclusory legal assertions, rather than evidence or allegations that showed NSL acquired plaintiff's debt after default or was servicing for another entity, was insufficient to state a claim. *Id*. Numerous other courts have reached the same conclusion. *See Flax v.*

*Navient Sols., Inc.*, 2017 WL 1153889, at *5 (D. Md. Mar. 28, 2017) (finding NSL was not an FDCPA debt collector and dismissing FDCPA claim per Rule 12(b)(6)); *Marek v. Navient Corp.*, No. 2017 WL 2881606, at *5 (N.D. Ohio July 6, 2017) (finding NSL was not a "debt collector" within the meaning of the FDCPA and dismissing complaint per Rule 12(b)(6) with prejudice); *Valletta v. Navient Corp.*, 2017 WL 1437563, at *3 (D. Ariz. Apr. 24, 2017) (finding NSL not a FDCPA debt collector as a matter of law); *Caione v. Navient Corp.*, 2016 WL 4432687, at *4 (D.N.J. Aug. 18, 2016) (dismissing FDCPA claim against NSL per Rule 12(b)(6) for failure to state a claim); *Mondonedo v. Sallie Mae, Inc.*, 2009 WL 801784, at *3-4 (D. Kan. Mar. 25, 2009) (dismissing FDCPA claims against NSL (f/k/a Sallie Mae, Inc.) per Rule 50(a)).

Given the volume of precedent, it is entirely implausible that in this instance NSL could be construed as a FDCPA "debt collector." The Plaintiff's FDCPA claim necessarily fails and the Amended Complaint should be dismissed with prejudice.

## CONCLUSION

Plaintiff cannot state a FDCPA claim against NSL with respect to the loan made the subject of the Amended Complaint. For that reason, NSL respectfully moves the Court to dismiss the Amended Complaint with prejudice.

Dated: December 19, 2017

                                          Respectfully Submitted,

                                          /s/ *Paul Croker*
                                          Paul Croker   #57000
                                          Armstrong Teasdale, LLP
                                          2345 Grand Blvd., Suite 1500
                                          Kansas City, MO  64108-2617
                                          Telephone: (816) 221-3420
                                          Facsimile: (816) 221-0786
                                          pcroker@armstrongteasdale.com
                                          *Attorneys for Defendant,*
                                          *Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2017 a copy of the foregoing was served electronically via CM/ECF on the following:

        Dominic M. Pontello, Esq.
        Pontello Law, LLC
        406 Boones Lick Road
        St. Charles, MO  63301

                                          /s/ *Paul Croker*
                                          Attorney for Defendant,
                                          Navient Solutions, LLC