**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **AMANDA PFOUNTZ,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:17-CV-02753 |
| v. | ) |
| | ) |
| **NAVIENT SOLUTIONS, LLC.** | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Amanda Pfountz, by and through undersigned counsel, submits this Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim. For the reasons stated below, Defendant Navient Solutions, LLC's ("NSL" or "Defendant") Motion to Dismiss should be denied because Plaintiff's Complaint properly alleges that the Defendant Navient Solutions, LLC is a "debt collector" under the definition provided by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6) ("FDCPA").

## PLAINTIFF'S STATEMENT OF RELEVANT FACTS

On or about November 11, 2016, Defendant NSL sent Plaintiff a letter in which Defendant alleged that Plaintiff owed a private student loan and that Defendant intended to declare the alleged loan in default on November 29, 2016. Doc. #8 ¶ 24. The alleged student loan originated from Parks College of St. Louis University, in 2006, an institution which Plaintiff never attended at any point in time. Doc. #8 ¶ 26. Plaintiff never made payments on this alleged debt. Doc. #8 ¶ 27. Plaintiff's Amended Complaint alleges that for these reasons, "Plaintiff's alleged student loan was already delinquent and defaulted upon before it was acquired by Defendant Navient for debt collection" and that "Plaintiff believes the alleged debt arose from defaulted student loan that was

acquired by Defendant Navient after default." Doc. #8 ¶¶ 8, 25. Plaintiff alleged that Defendant violated the FDCPA 15 U.S.C. § 1692e(11) by failing to disclose in voicemails that the communication was from a debt collector attempting to collect a debt. Doc. #8 ¶ 30.

## .STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. *Blankenship v. Medtronic, Inc.*, 6 F. Supp. 3d 979, 984 (E.D. Mo. 2014). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Blankenship*, 6 F. Supp. 3d at 984, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Pisciotta*, 499 F.3d at 633 (citation omitted). Factual allegations also must be enough to raise a right to relief above the "speculative level" to the level of "plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In examining the facts and matching them up with the stated legal claims, the court must give "the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v. Am. Bd. of Psych. & Neur., Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The

complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F. 3d 585, 594 (8th Cir. 2009). The complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## ARGUMENT

**I.** **PLAINTIFF PROPERLY ALLEGES THAT DEFENDANT NAVIENT SOLUTIONS, LLC IS A "DEBT COLLECTOR" AS DEFINED BY THE FAIR DEBT COLLECTION PRACTICES ACT.**

The FDCPA 15 U.S.C. § 1692a(6) defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6)(F)(iii) excludes from the definition of a "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … (iii) concerns a debt which was not in default at the time it was obtained by such person." It is under the 15 U.S.C. § 1692a(6)(F)(iii) exclusion that Defendant Navient attempts to escape FDPCA liability through its motion to dismiss, on the basis that Plaintiff's alleged student loan was not in default until after it was acquired by Defendant Navient. Doc. #11, pgs. 3-4.

Defendant's citation to the alleged "volume of precedent" is ***entirely*** irrelevant to this case, as the cited case law invariably involves cases where Navient acquired a debt before default. In *Downridge v. Navient,* the Court granted a motion to dismiss because the sole allegation that Defendant Navient Solutions, Inc was a 'debt collector' was Plaintiff's mere belief that the "debt originated with Chase Bank, and was repurchased and consolidated, eventually being transferred

to Navient from Sallie Mae." *Downridge,* No. 16-cv-10327, 2016 U.S. Dist. LEXIS 53172, at *6 (E.D. Mich. Apr. 21, 2016).  The Court stated that "Plaintiff has relied on conclusory legal assertions that Defendant is a debt collector, rather than provide any evidence or allegations that indicate Defendant acquired Plaintiff's debt after default or was servicing for another entity that possessed the debt." *Id.,* at *8.  Likewise, the *Levy-Tatum, Spyer, Haysbert, Flax, Marek, Valleta, Caione,* and *Mondonedo* cases to which Defendant cites invariably involve Navient acquiring or servicing a debt before default.  *Levy-Tatum v. Navient & Sallie Mae Bank*, No. 15-3794, 2016 U.S. Dist. LEXIS 1548, at *21 (E.D. Pa. Jan. 7, 2016); *Spyer v. Navient Sols., Inc.*, No. 15-3814 (NLH/JS), 2016 U.S. Dist. LEXIS 33891, at *7 (D.N.J. Mar. 15, 2016); *Haysbert v. Navient Sols., Inc.*, No. CV 15-4144 PSG (Ex), 2016 U.S. Dist. LEXIS 30720, at *33 (C.D. Cal. Mar. 8, 2016); *Flax v. Navient Sols., Inc.*, No. MJG 16-1209, 2017 U.S. Dist. LEXIS 45069, at *11 (D. Md. Mar. 27, 2017); *Marek v. Navient Corp.*, No. 1:17-CV-01020-DAP, 2017 U.S. Dist. LEXIS 104348, at *13 (N.D. Ohio July 6, 2017); *Valletta v. Navient Corp.*, No. CV-16-01934-PHX-DGC, 2017 U.S. Dist. LEXIS 61838, at *6-7 (D. Ariz. Apr. 24, 2017); *Caione v. Navient Corp.*, No. 16-0806(NLH/JS), 2016 U.S. Dist. LEXIS 109825, at *11 (D.N.J. Aug. 18, 2016); *Mondonedo v. Sallie Mae, Inc.*, No. 07-4059-JAR, 2009 U.S. Dist. LEXIS 25497, at *12 (D. Kan. Mar. 25, 2009).

Unlike *Downridge* and the above cases, Plaintiff has specifically alleged facts that indicated that Defendant acquired Plaintiff's debt after default.  Plaintiff's Amended Complaint properly alleges that Defendant Navient is a "debt collector", and ***crucially***, specifically alleges that Plaintiff never attended the university where the student loan debt was incurred, that Plaintiff never made payments on the alleged student loan debt, and that the "alleged student loan was already delinquent and defaulted upon before it was acquired by Defendant Navient for debt collection".  Doc. #8 ¶¶ 25-27.  In her complaint, Plaintiff does not adopt Defendant's

characterization of the debt as non-defaulted and private in its November 11, 2016 letter, but specifically contradicts Defendant's characterizations with detailed factual allegations that the debt was defaulted prior to acquisition by Defendant. Doc. #8 ¶¶ 24-27. For the purposes of Rule 12b(6) motion to dismiss, this Court must take these facts alleged in the complaint as true. *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). Defendant Navient has fair notice of the claim and the grounds upon which it rests, and both Plaintiff and Defendant may present evidence in the litigation process as to whether the loan was actually in default when acquired by Defendant. *Blankenship v. Medtronic, Inc.*, 6 F. Supp. 3d 979, 984 (E.D. Mo. 2014).

For the purposes of this Rule 12b(6) motion to dismiss, Plaintiff's Amended Complaint is legally sufficient because it has made factual allegations that Defendant is a debt collector and the alleged debt was defaulted upon when acquired by Defendant, and for such reason, Defendant's Motion to Dismiss should be DENIED.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully asks that Defendant NSL's Motion to Dismiss for Failure to State a Claim be DENIED.

RESPECTFULLY SUBMITTED,

PONTELLO LAW, LLC

 By: /s/ Dominic Pontello
Dominic M. Pontello, 60947MO
406 Boones Lick Rd
St. Charles, MO 63301
Phone: (636) 896-4170
Fax: (636) 246-0141
E-mail: dominic@pontellolaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court of the Eastern District of Missouri, this 15th day of January, 2018, with notice of case activity generated and sent electronically, to:

**ARMSTRONG TEASDALE, LLP**

Paul Croker, #57000
2345 Grand Blvd., Ste 1500
Kansac City, MO 64108-2617
Telephone: 816-221-3420
Facsimile: 816-221-0786
pcroker@armstrongteasdale.com

*Attorney for Defendant*

/s/ Dominic Pontello.
_____