UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA PFOUNTZ, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17CV2753JCH |
| ) | |
| NAVIENT SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss Amended Complaint filed by Defendant Navient Solutions, LLC. (EF 10). The matter is fully briefed and ready for disposition.

## LEGAL STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations are to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10(b) provides that in his or her complaint:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

When a claim is so "vague or ambiguous that [a] party cannot reasonably prepare a response" a party can move for a more definite statement. Fed. R. Civ. P. 12(e). Also, a court may strike, either pursuant to the motion of a party or on its own, "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft,* 556 U.S. at 679 (*citing Twombly,* 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 555).

Further, in regard to a Rule 12(b)(6) Motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure ' 1216, pp. 235-236 (3d ed. 2004).

*Twombly,* 550 U.S. at 555. *See also Gregory v. Dillard=s, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right.'") (*quoting Stalley v. Catholic Health Initiative,* 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly,* 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his or her] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*abrogated on other grounds, Horlow v. Fitzgerald,* 457 U.S. 800 (1982)).

# BACKGROUND and LEGAL FRAMEWORK OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

In the First Amended Complaint Plaintiff alleges that Defendant violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors." *Dunham v. Portfolio Recovery Assocs.,* 663 F.3d 997, 1000 (8th Cir. 2011) (*quoting Richmond v. Higgins,* 435 F.3d 825, 828 (8th Cir. 2006)). "[D]ebt collectors are liable for failure to comply with 'any provision'" of the FDCPA. *Dunham,* 663 F.3d at 1000 (*quoting Richmond,* 435 F.3d at 828 (*quoting* 15 U.S.C. §§ 1692(e), 1692k(a)).

The FDCPA, 15 U.S.C. § 1692a(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." The FDCPA, 15 U.S.C. § 1692a(6) defines "debt collector" as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
>
> (A) any officer or employee of a creditor while, in the name of the

creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

. . . .; and

(F) *any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity* (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; *(iii) concerns a debt which was not in default at the time it was obtained by such person*; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

(emphasis added).

Some sections of the FDCPA specify "'the actors to which the section applies.'" *Dunham,* 663 F.3d at 1001 (*quoting Richmond,* 435 F.3d at 828). In particular, 15 U.S.C. § 1692e of the FDCPA provides that:

*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.* Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(11) *The failure to disclose* in the initial written communication with *the consumer* and, in addition, if the initial communication with the consumer is oral, *in that initial oral communication, that the debt collector is attempting to collect a debt* and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt

> collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(emphasis added).

In the First Amended Complaint, Plaintiff alleges that Defendant violated Section 1692e(11). Specifically, Plaintiff alleges as follows. Plaintiff is a "consumer" within the meaning of the FDCPA. (ECF 8, ¶ 7). The debt which is the subject of Plaintiff's First Amended Complaint arose from a "defaulted student loan that was acquired by Defendant [] after default." (ECF 8, ¶ 8). Defendant "services and collects on student loans acquired in its office after the loans [are] delinquent and defaulted upon with the loan originator or original servicer." (ECF 8, ¶ 13). Defendant is Navient Corporation's "holding/parent company." (ECF ¶ 14). In its 2015 10-K filings, Navient Corporation stated that it "is the nation's leading loan management, servicing and **asset recovery company**." (ECF 8, ¶ 15) (emphasis in original). Defendant, doing business as "Navient Corporation consented to, has knowledge of, has materially participated in, and has controlled the activities of Navient Solutions, Inc. and all other relevant Navient predecessor or subsidiary business entities material to the facts pleaded in [the First Amended] Complaint." (ECF 8, ¶ 16). Defendant is a "'debt collector' as defined by the FDCPA, 15 U.S.C. § 1692a(6)," "is engaged in the collection of debts from consumers using the mail and telephone," "regularly attempts to collect debts alleged to be due another," and, at all times material to the First Amended

Complaint, "engaged in debt collection activities related to outstanding and delinquent student loans on behalf of several owners of federal student loans." (ECF 8, ¶¶ 17-20).

The First Amended Complaint further alleges as follows. Defendant's conduct in violation of the FDCPA "consisted of several voicemails left on Plaintiff's cell phone, and Plaintiff's mother's phone." (ECF 8, ¶ 23). On November 11, 2016, Defendant sent Plaintiff a letter regarding her student loan account, which letter stated that Plaintiff's "**private student loan[s] is now seriously past due and is in jeopardy of default**." (emphasis in original). The letter proceeded to state what the consequences of Plaintiff's student loan defaulting would be, including that Plaintiff's defaulted loan would be assigned to Defendant's "recovery Department or a collection agency for resolution." The letter also stated that Defendant "prefer[red] to work directly with [Plaintiff] to resolve [her] account," and that Defendant "<u>intend[ed] to declare [Plaintiff's] student loan[] in default</u> if acceptable payment arrangements [were] not made before November 29, 2016." (ECF 8, ¶ 24) (emphasis in original).

Additionally, the First Amended Complaint alleges that Plaintiff's student loan "was already delinquent and defaulted [] before it was acquired by Defendant [] for debt collection"; that "*the alleged student loan originated* from Parks College of St. Louis University *in 2006*, an institution which Plaintiff never

7

attended at any point in time"; and that *Plaintiff never made payments on the alleged loan*. (ECF 8, ¶¶ 25-27) (emphasis added). The First Amended Complaint also alleges that, *after the November 29, 2016 default date* specified in Defendant's November 11, 2016 letter to Plaintiff, "Defendant left numerous messages on Plaintiff's cellular telephone and Plaintiff's mother's telephone requesting Plaintiff's return call," and that these voicemails "were debt collection attempts." (ECF 8, ¶¶ 28-29).

In regard to Defendant's alleged violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*, and specifically § 1692e(11), Plaintiff alleges that, in its attempt to collect the alleged debt from Plaintiff, Defendant "failed to disclose in a debt collection communication that it was a debt collector attempting to collect a debt." (ECF 8, ¶¶ 30, 33(a)).

## DISCUSSION

Defendant admits that it "does engage in the collection of student loan debts," that it is "a student loan servicer," and that "the collection of loan payments is an inherent part of the student loan servicing business." (ECF 11 at 3). In support of its Motion to Dismiss, however, Defendant contends that Plaintiff's First Amended Complaint fails to establish, as a matter of law, that Defendant is a "debt collector" subject to regulation under the FDCPA. (ECF 10 at 1). In support of this contention, Defendant argues that its November 11, 2016 letter establishes

8

that the "subject loans are **private** loans," and that Defendant was "servicing the[] loans **prior to default**." (ECF 11 at 4) (emphasis in original). Defendant further argues that, "[i]n the private loan arena, [Defendant] commences servicing its customer's student loans at origination and there is an abundance of case law finding that [Defendant] is not a FDCPA 'debt collector' when servicing such loans." (ECF 11 at 4-5). Defendant provides citations to such cases, and argues that Plaintiff's "reliance on bare conclusory legal assertions" to establish that Defendant acquired Plaintiff's "debt after default or was servicing another entity [is] insufficient to state a claim." (ECF 11 at 5).

As a preliminary matter, to the extent the cases upon which Defendant relies are not from the Eighth Circuit, this Court is bound by Eighth Circuit precedent. *See Hood v. United States,* 342 F.3d 861, 864 (8th Cir. 2003) (holding that a district court in the Eighth Circuit is bound to apply Eighth Circuit precedent). The Eighth Circuit holds that, upon reviewing a Rule 12(b)(6) motion to dismiss, a court must accept factual allegations as true, *Gomez v. Wells Fargo Bank, N.A.,* 676 F.3d 655, 660 (8th Cir. 2012), although it need not give effect to factual allegations that simply assert legal conclusions, *McAdams v. McCord,* 584 F.3d 1111, 1113 (8th Cir. 2009). Notably, the Eighth Circuit holds that a complaint survives a motion to dismiss where it raises "plausible inferences" of a cause of action, and that, where there are "competing inferences," "[w]hich inference will

9

prove to be correct is not an issue to be determined by a motion to dismiss." *Hamilton v. Palm,* 621 F.3d 816, 819 (8th Cir. 2010). Further, to the extent that other courts have held, based on the alleged facts in cases before them, that Defendant is not a FDCPA "debt collector," the issue before this Court is whether the allegations of Plaintiff's First Amended Complaint sufficiently allege, in the circumstances of Plaintiff's case, that Defendant is a FDCPA "debt collector." *See Ashcroft,* 556 U.S. at 679. As acknowledged by Defendant, an entity may not meet the FDCPA's definition of "debt collector" in one case and meet it in another. (ECF 11 at 3). Thus, Plaintiff's claim will survive Defendant's Motion to Dismiss if the First Amended Complaint contains sufficient factual matter, which if accepted as true, states a plausible claim for relief. *See id.* at 678.

To establish a defendant violated the FDCPA when attempting to collect a debt, a plaintiff must allege that the defendant was a debt collector under the FDCPA, 15 U.S.C. § 1692a(6), in that the defendant regularly collects or attempts to collect debts owed, due, or asserted to be owed to another. Indeed, the definition of debt collector excludes a "person collecting or attempting to collect a debt owed, or due or asserted to be owed or due to another, to the extent such activity . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Plaintiff's First Amended Complaint alleges that the debt which is the subject of this matter originated from Parks

College of St. Louis University in 2006, an institution which Plaintiff never attended at any point in time; that Defendant stated in its November 11, 2016 letter that the loan would not be considered in default until November 29, 2016; and that the phone calls made by Defendant, in an effort to collect the debt which is the subject of Plaintiff's First Amended Complaint, were made *after* the November 29, 2016 default date given by Defendant. As such, the Court finds, for purposes of Defendant's Rule 12(b)(6) Motion to Dismiss, that Plaintiff has sufficiently alleged facts, which if true, establish that, when calling Plaintiff and her mother, after November 29, 2016, Defendant was attempting to collect a debt of another and that such debt was in default at the time Defendant acquired the alleged debt.

While Plaintiff's First Amended Complaint provides competing inferences as to when the debt was acquired by Defendant, the Court finds that, for purposes Defendant's Rule 12(b)(6) Motion to Dismiss,[1] Plaintiff has alleged a plausible claim that Defendant was a "debt collector" under FDCPA, 15 U.S.C. § 1692a(6) when it made the phone calls described in the First Amended Complaint and which Plaintiff alleges violated the FDCPA, 15 U.S.C. § 1692e(11). *See Ashcroft,* 556 U.S. at 679; *Twombly,* 550 U.S. at 555; *Donnelly-Tovar v. Select Portfolio Servicing, Inc.,* 945 F.Supp.2d 1037, 1047-49 (D. Neb. 2013) (finding that

---

[1] The competing inferences regarding when Defendant acquired the debt at issue may possibly be resolved after discovery and pursuant to a motion for summary judgment.

plaintiff's complaint supported "a plausible inference" that the defendant was a debt collector and denying a motion to dismiss). As such, the Court further finds that Defendant's Motion to Dismiss should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Amended Complaint (ECF 10) filed by Defendant Navient Solutions, LLC, is **DENIED**.

Dated this 24th Day of January 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE