UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AMANDA PFOUNTZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>　　　　　　Defendant. | Case No. 4:17-cv-02753-JCH |

**NAVIENT SOLUTIONS, LLC'S**
**ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Navient Solutions, LLC ("NSL"), through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, states as follows for its answer and affirmative defenses to the complaint filed by plaintiff, Amanda Pfountz ("plaintiff"):

**INTRODUCTION**

1.　NSL admits that plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies any and all liability, violations and/or damages to the extent alleged in ¶ 1.

2.　The allegations in ¶ 2 constitute a jury demand to which no response is required.

**JURISDICTION**

3.　The allegations in ¶ 3 constitute a statement or conclusion of law to which no response is required.  To the extent a response is required, NSL does not contest subject

1

matter jurisdiction in this matter, but otherwise denies the allegations in ¶ 3 and leaves all matters of jurisdiction to the Court.

4. The allegations in ¶ 4 constitute statements or conclusions of law to which no response is required. To the extent a response is required, NSL does not contest venue in this matter, but otherwise denies the allegations in ¶ 4 and leaves all matters of venue to the Court.

## PARTIES

5. NSL denies the allegations in ¶ 5 for lack of knowledge or information to form a reasonable belief therein.

6. NSL denies the allegations in ¶ 6 as stated. NSL is a Delaware limited liability company with its principal place of business at 2001 Edmund Halley Drive, Reston, VA 20191.

### *Fair Debt Collection Practices Act*

7. The allegations in ¶ 7 constitute statements or conclusions of law to which no response is required. To the extent a response is required, NSL denies the allegations in ¶ 7.

8. NSL denies the allegations in ¶ 8.

9. NSL denies the allegations in ¶ 9 except to admit that it was previously known as Navient Solutions, Inc. and Sallie Mae, Inc. NSL does not do business as Navient Corporation.

10. NSL admits that it services student loans. Except as specifically admitted, NSL denies the allegations in ¶ 10 for lack of knowledge or information to form a reasonable belief therein.

11. NSL admits that it services student loans and engages in a variety of servicing activities with respect to those loans. Except as specifically admitted, NSL denies the allegations in ¶ 10.

12. NSL denies the allegations in ¶ 12 except to admit that it was previously known as Navient Solutions, Inc. and Sallie Mae, Inc. NSL does not do business as Navient Corporation

13. NSL denies the allegations in ¶ 13.

14. NSL admits that it services federal and private student loans. Except as specifically admitted, NSL denies the allegations in ¶ 14.

15. NSL denies the allegations in ¶ 15 except to state that its public filings speak for themselves and are the best evidence of their content.

16. NSL denies the allegations in ¶ 16.

17. The allegations in ¶ 17 constitute statements or conclusions of law to which no response is required. To the extent a response is required, NSL denies the allegations in ¶ 17.

18. NSL admits that its servicing activities include the collection of student loan debt  and and its servicing activities may include the use of mail and telephone. Except as specifically admitted, NSL denies the allegations in ¶ 18.

19. NSL admits that it is a loan servicer and that its servicing activities include collection of student loan debt. Except as specifically admitted, NSL denies the allegations in ¶ 19.

20. The allegations in ¶ 20 constitute statements or conclusions of law to which no response is required. To the extent a response is required, NSL denies the allegations in ¶ 20.

21. NSL admits that it is a loan servicer and that its servicing activities include collection of student loan debt. Except as specifically admitted, NSL denies the allegations in ¶ 21.

## FACTS

22. NSL denies the allegations in ¶ 22 for lack of knowledge or information to form a reasonable belief therein.

23. NSL denies the allegations in ¶ 23.

24. NSL admits its records reflect it sent correspondence to plaintiff regarding her student loan accounts on or about November 11, 2016. Said correspondence speaks for itself and is the best evidence of its content. To the extent plaintiff states otherwise, the allegations in ¶ 24 are denied.

25. NSL denies the allegations in ¶ 25.

26. NSL denies the allegations in ¶ 26 for lack of knowledge or information to form a reasonable belief therein.

27. NSL admits its records reflect no payments were made on the loans. NSL denies the remaining allegations in ¶ 27 for lack of knowledge or information to form a reasonable belief therein.

28. NSL denies the allegations in ¶ 28 for lack of knowledge or information to form a reasonable belief therein.

29. NSL denies the allegations in ¶ 29 for lack of knowledge or information to form a reasonable belief therein.

### *Violations of the FDCPA*

30. NSL denies the allegations in ¶ 30.

31. NSL denies the allegations in ¶ 31.

### COUNT I: VIOLATION OF THE FDCPA

32. NSL re-alleges and incorporates by reference its responses to ¶¶ 1-31 as if fully set forth herein.

33. NSL denies the allegations in ¶ 33.

### AFFIRMATIVE DEFENSES

1. NSL denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of NSL's purported violations and accordingly lacks standing under Article III of the U.S. Constitution.

2. One or more claims asserted by plaintiff are barred by laches, estoppel, wavier and/or unclean hands.

3. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the complaint.

4. Assuming plaintiff suffered any damages, plaintiff failed to mitigate damages or take other reasonable steps to avoid or reduce damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than NSL and were beyond the control or supervision of NSL or for whom NSL was and is not responsible or liable.

6. Plaintiff's claims are subject to a binding arbitration provision.

7. NSL serviced the subject loans since inception and is not an FDCPA "debt collector" per 15 U.S.C. 1691(a)(6)(F)(iii).

WHEREFORE, defendant, Navient Solutions, LLC, having answered plaintiff's complaint completely, respectfully requests that judgment be entered in its favor and against plaintiff dismissing the complaint with prejudice and awarding defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: February 5, 2018               Respectfully Submitted,

*/s/ Brian D. Roth*
Brian D. Roth, Esq. #22148LA
Sessions, Fishman, Nathan & Israel
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Telephone: (504) 828-3700
Email: broth@sessions.legal
Paul M. Croker       #57000
Armstrong Teasdale, LLP
2345 Grand Blvd., Suite 1500
Kansas City, MO  64108-2617
Telephone: (816) 221-3420
Facsimile: (816) 221-0786
pcroker@armstrongteasdale.com

Attorneys for Defendant,
Navient Solutions, LLC

## **CERTIFICATE OF SERVICE**

I certify that on February 5, 2018, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                By:    */s/ Brian D. Roth*
                          *Attorney for Defendant,*
                          *Navient Solutions, LLC*